

FILED
CLERK, U.S. DISTRICT COURT

NOV - 6 2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ARTHIT TANJAPATKUL,<br><br>　　　　Defendant. | 8:24-CR-00132-FWS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(o)(1): Possession of Machineguns; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(o)(1)]

On or about October 13, 2023, in Orange County, within the Central District of California, defendant ARTHIT TANJAPATKUL knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), which defendant TANJAPATKUL knew to be machineguns:

//

//

1. One AR-15 style, .556 caliber rifle, with Plumcrazy lower with an obliterated serial number and LWRC upper model number M6A2-S:



2. One AR-15 style, .556 caliber rifle, with Plumcrazy lower with an obliterated serial number and Daniel Defense upper model number DDMM4V7:



3. One Polymer 80, AR-15 rifle, .556 caliber, Serial Number P9SX:



4. One AK-47 7.62 Caliber rifle, Serial Number S-AL2038:

1          COUNT TWO

2      [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

3      On or about October 13, 2023, in Orange County, within the

4  Central District of California, defendant ARTHIT TANJAPATKUL

5  knowingly possessed a hard drive ("Hard Drive-1"), which contained at

6  least one image of child pornography, as defined in Title 18, United

7  States Code, Section 2256(8)(A), involving prepubescent minors and

8  minors who had not attained 12 years of age, that had been mailed,

9  and shipped and transported using any means and facility of

10 interstate and foreign commerce, and in and affecting interstate and

11 foreign commerce by any means, including by computer, knowing that

12 the images were child pornography.

13     The child pornography that defendant TANJAPATKUL possessed on

14 Hard Drive-1 included, but was not limited to, the following:

15     1.    Young Video Models-D05-n-Daphne-9yo (60m, nude,

16 dad)(youngvideomodels yvm).avi.

17     2.    Young Video Models-d04N-Daphne 9yo(47m49S,

18 Nude)(Youngvideomodels.Yvm).avi.

19     3.    Young Video Models-Kr04-Kristina 7yo(60m,

20 topless)(youngvideomodels yvm).avi.

21

22

23

24

25

26

27

28

COUNT THREE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about July 18, 2024, in Orange County, within the Central District of California, defendant ARTHIT TANJAPATKUL knowingly possessed a hard drive ("Hard Drive-2"), which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving prepubescent minors and minors who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant TANJAPATKUL possessed on Hard Drive-2 included, but was not limited to, the following:

1.    Yvm-Daphine-05-Hardcore With Dildo- 33m21S.wmv.

2.    Yvm-9Yo Angelna 03(Soft).avi.

3.    Video Angels 03-Lolita 11Yr Russian.avi.

COUNT FOUR

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about July 18, 2024, in Orange County, within the Central District of California, defendant ARTHIT TANJAPATKUL knowingly possessed a set of disks inside a storage unit (the "Disks"), which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving prepubescent minors and minors who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant TANJAPATKUL possessed on the Disks included, but was not limited to, the following:

1.    Young Video Models – Daphine (9yo)-D52.avi.

2.    Doit4in1.jpg.

3.    an-02.jpg.

1               FORFEITURE ALLEGATION ONE

2          [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3      1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 924(d)(1), and Title 28, United States

7   Code, Section 2461(c), in the event of the defendant's conviction of

8   the offense set forth in Count One of this Indictment.

9      2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11          (a)   All right, title, and interest in any firearm or

12  ammunition involved in or used in such offense; and

13          (b)   To the extent such property is not available for

14  forfeiture, a sum of money equal to the total value of the property

15  described in subparagraph (a).

16     3.    Pursuant to Title 21, United States Code, Section 853(p),

17  as incorporated by Title 28, United States Code, Section 2461(c), the

18  convicted defendant shall forfeit substitute property, up to the

19  value of the property described in the preceding paragraph if, as the

20  result of any act or omission of said defendant, the property

21  described in the preceding paragraph or any portion thereof (a)

22  cannot be located upon the exercise of due diligence; (b) has been

23  transferred, sold to, or deposited with a third party; (c) has been

24  placed beyond the jurisdiction of the court; (d) has been

25  substantially diminished in value; or (e) has been commingled with

26  other property that cannot be divided without difficulty.

27

28

                                7

1        FORFEITURE ALLEGATION TWO

2           [18 U.S.C. § 2253]

3      1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4 Procedure, notice is hereby given that the United States of America

5 will seek forfeiture as part of any sentence, pursuant to Title 18,

6 United States Code, Section 2253, in the event of the defendant's

7 conviction of the offenses set forth in any of Counts Two through

8 Four of this Indictment.

9      2.    The defendant, if so convicted, shall forfeit to the United

10 States of America the following property:

11         (a)  All right, title, and interest in any visual depiction

12 involved in any such offense, or any book, magazine, periodical, film

13 videotape, or other matter which contains any such visual depiction,

14 which was produced, transported, mailed, shipped or received and

15 involved in any such offense;

16         (b)  All right, title, and interest in any property, real

17 or personal, constituting or traceable to gross profits or other

18 proceeds obtained from such offense;

19         (c)  All right, title, and interest in any property, real

20 or personal, used or intended to be used to commit or to promote the

21 commission of such offense or any property traceable to such

22 property; and

23         (d)  To the extent such property is not available for

24 forfeiture, a sum of money equal to the total value of the property

25 described in subparagraphs (a), (b), and (c).

26     3.    Pursuant to Title 21, United States Code, Section 853(p), as

27 incorporated by Title 18, United States Code, Section 2253(b), the

28 defendant, if so convicted, shall forfeit substitute property, up to

8

1   the total value of the property described in the preceding paragraph

2   if, as the result of any act or omission of the defendant, the

3   property described in the preceding paragraph, or any portion

4   thereof: (a) cannot be located upon the exercise of due diligence;

5   (b) has been transferred, sold to or deposited with a third party;

6   (c) has been placed beyond the jurisdiction of the court; (d) has

7   been substantially diminished in value; or (e) has been commingled

8   with other property that cannot be divided without difficulty.

9

10                                        A TRUE BILL

11

12                                        /S/
                                          ───────────────────────
13                                        Foreperson

14  E. MARTIN ESTRADA
    United States Attorney

15  MACK E. JENKINS
    Assistant United States Attorney
16  Chief, Criminal Division

17

18

19  SCOTT M. GARRINGER
    Assistant United States Attorney
20  Deputy Chief, Criminal Division

21  FRANCES S. LEWIS
    Assistant United States Attorney
22  Chief, General Crimes Section

23  BENEDETTO L. BALDING
    Assistant United States Attorney
24  Deputy Chief, General Crimes
    Section
25
    KEDAR S. BHATIA
26  Assistant United States Attorney
    General Crimes Section
27

28

                                  9