TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
THI HOANG HO (Cal. Bar No. 293978)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0596
     Facsimile: (213) 894-0141
     E-mail:    Thi.Ho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ARTHIT TANJAPATKUL,<br><br>　　　　　Defendant. | No. 8:24-CR-00132-FWS<br><br>FOURTH STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**　3/10/2026<br>**PROPOSED TRIAL DATE:**　11/3/2026 |

　　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Thi Hoang Ho, and defendant Arthit Tanjapatkul ("defendant"), both individually and by and through his counsel of record, hereby stipulate as follows:

　　　　1.　　The indictment in this case was filed on November 6, 2024. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on October 10, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 27, 2025.

2. On November 18, 2024, the Court set a trial date of December 31, 2024 and a pretrial conference on December 19, 2024.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately three days.

4. The Court has previously continued the trial date in this case from December 31, 2024 to March 10, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to November 3, 2026 and the status conference to October 15, 2026. This is the fourth request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 922(o)(1) (Possession of Machineguns) and 18 U.S.C. §§ 225A(1)(5)(B), (b)(2) (Possession of Child Pornography). The government has produced discovery to the defense, including surveillance footage and over 48,000 pages of images, warrants, law enforcement reports, and subpoena returns. In addition, the government has made the child sexual abuse material and other evidence reasonably available for defense counsel's review.

   b. Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to

2

1  defendant, this case is so unusual and so complex that it is
2  unreasonable to expect adequate preparation for pretrial proceedings
3  or for the trial itself within the Speedy Trial Act time limits.
4        c.  Defense counsel Sara Azari is presently scheduled to
5  be in trial in U.S. vs. Tyler Robert Buchanan, Case No. 2:24-cr-
6  00595-JWH-5, on May 4, 2026, which is estimated to last five days.
7        d.  Defense counsel Victor Sherman is presently scheduled
8  to be in the following trials:
9        i.  People v. Thomas, Case No.:SWF2200360, Murrieta
10 Superior Ct., case initiated in 2022, two defendants, obstruction of
11 justice case, set for trial April 1, 2026 and expected to last two
12 weeks, trial has been continued multiple times, however, date is firm
13 and parties expected to go to trial.
14       ii.  U.S. v. Buchanan, Case No. CR 24-00595-JWH,
15 Central District of California, multiple defendant wire fraud case,
16 money laundering case, initiated May 2024 and currently set for trial
17 on May 4, 2026, and expected to last five days, trial has been
18 continued two times and likely to be continued again.
19       iii. U.S. v. Lucero, Case No. CR 25-00622-JFW, Central
20 District of California, single-defendant drug conspiracy case,
21 initiated July 14, 2025 and currently set for trial on June 2, 2026
22 and expected to last five days.
23       iv.  U.S. v. Valencia, Case No. CR 24-00204-SSS,
24 Central District of California, initiated August 20, 2024, it is a
25 multi-defendant drug conspiracy case, set for trial on July 13, 2026
26 and expected to last four days.  Trial has been continued three
27 times, it is likely the trial will be continued again.
28

1                 v.   U.S. v. Medina, Case No. CR 25-00931-FWS, Central
2    District of California, multi-defendant wire fraud, money laundering
3    conspiracy case, case initiated November 13, 2025, and currently set
4    for trial October 13, 2026, and expected to last five days, it is
5    likely to be continued.
6                 vi.  Counsel will be out of state from January 24-31,
7    2026.
8           e.    In light of the foregoing, counsel for defendant also
9    represents that additional time is necessary to confer with
10   defendant, conduct and complete an independent investigation of the
11   case, conduct and complete additional legal research including for
12   potential pretrial motions, review the discovery and potential
13   evidence in the case, and prepare for trial in the event that a
14   pretrial resolution does not occur.  Defense counsel represent that
15   failure to grant the continuance would deny her reasonable time
16   necessary for effective preparation, taking into account the exercise
17   of due diligence.
18          f.    Defendant believes that failure to grant the
19   continuance will deny him continuity of counsel and adequate
20   representation.
21          g.    The government does not object to the continuance.
22          h.    The requested continuance is not based on congestion
23   of the Court's calendar, lack of diligent preparation on the part of
24   the attorney for the government or the defense, or failure on the
25   part of the attorney for the Government to obtain available
26   witnesses.
27      7.   For purposes of computing the date under the Speedy Trial
28   Act by which defendant's trial must commence, the parties agree that

4

the time period of March 10, 2026 to November 3, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i),(h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//
//

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 9, 2026               Respectfully submitted,

                                     TODD BLANCHE
                                     Deputy Attorney General

                                     BILAL A. ESSAYLI
                                     First Assistant United States Attorney

                                     ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
                                     Acting Chief, Criminal Division

                                          /s/ Thi Hoang Ho
                                     THI HOANG HO
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**CERTIFICATION OF DEFENSE COUNSEL**

I am Arthit Tanjapatkul's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 3, 2026 is an informed and voluntary one.

| | |
|---|---|
| */s/* | January 9, 2026 |
| SARA AZARI<br>VICTOR SHERMAN<br>Attorneys for Defendant<br>ARTHIT TANJAPATKUL | Date |

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

## CERTIFICATION OF DEFENDANT

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 3, 2026. I understand that I will be ordered to appear in Courtroom 10D of the United States Courthouse, 411 West 4th Street, Santa Ana, California on October 15, 2026 at 1:30 p.m. for the pretrial conference and November 3, 2026 at 8:00 a.m. for trial.

_____     1 / 9 / 2026
ARTHIT TANJAPATKUL                  Date
Defendant