TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
THI HOANG HO (Cal. Bar No. 293978)
Asset Forfeiture & Recovery Section
KALI M. YALLOURAKIS (Cal. Bar No. pending)
Major Crimes Section
Assistant United States Attorneys
        1100/1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:     (213) 894-0596/2426
        Facsimile:     (213) 894-0141
        E-mail:        Thi.Ho@usdoj.gov
                       Kali.Yallourakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:24-CR-00132-FWS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF ANTICIPATED EXPERT TESTIMONY OF SCOTT LAWSON |
| v. | |
| ARTHIT TANJAPATKUL, | Hearing Date: May 13, 2026 |
| Defendant. | Hearing Time: 8:00 a.m.<br>Location:     Courtroom of the<br>              Hon. Fred W.<br>              Slaughter |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Thi Hoang Ho and Kali M. Yallourakis, hereby files its Motion in Limine to Exclude Testimony From Defense Expert Scott Lawson Regarding (1) Defendant's Mental State or Condition; and (2) Defendant's

Characteristics as a Purported "Hoarder" and the Characteristics of Child Sexual Abuse Material ("CSAM").

This Motion in Limine is based upon the attached memorandum of points and authorities, the separately-filed Declaration of Thi Hoang Ho and exhibits attached thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 15, 2026          Respectfully submitted,

                               TODD BLANCHE
                               Acting Attorney General

                               BILAL A. ESSAYLI
                               First Assistant United States
                               Attorney

                               ALEXANDER B. SCHWAB
                               Assistant United States Attorney
                               Acting Chief, Criminal Division


                                    /s/
                               THI HOANG HO
                               KALI M. YALLOURAKIS
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

TABLE OF AUTHORITIES..................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES..................................1

I.    INTRODUCTION & RELEVANT FACTUAL BACKGROUND......................1

II.   ARGUMENT.......................................................2

      A.    Mr. Lawson Should Not Be Permitted to Testify as to
            Defendant's Mental State.................................2

      B.    Mr. Lawson Is Not Qualified to Provide Expert
            Testimony on Defendant's Hoarding or the
            Characteristics of CSAM..................................5

      C.    Testimony Regarding Defendant's Hoarding Should Also
            Be Excluded Under Rules 403 and 703......................7

            1.    The Testimony Is Irrelevant and/or Unfairly
                  Prejudicial Under Rule 403.........................7

            2.    Mr. Lawson Cannot Serve as a "Conduit" for
                  Inadmissible Hearsay Statements Under Rule 703.....9

      D.    Should the Court be Inclined to Allow Mr. Lawson's
            Testimony, the Government Respectfully Requests an
            Evidentiary Hearing.....................................11

III.  CONCLUSION....................................................12

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                PAGE

**Cases**

Daubert v. Merrell Dow Pharm., Inc.,
    509 U.S. 579 (1993) ..................................... passim

Lust v. Merrell Dow Pharmaceuticals, Inc.,
    89 F.3d 594 (9th Cir. 1996) .................................. 8

Marvel Characters, Inc. v. Kirby,
    726 F.3d 119 (2d Cir. 2013) .................................. 9

United States v. Alatorre,
    222 F.3d 1098 (9th Cir. 2000) ............................ 5, 11

United States v. Booth,
    309 F.3d 566 (9th Cir. 2002) ................................. 4

United States v. Brown,
    871 F.3d 532 (7th Cir. 2017) .............................. 4, 5

United States v. Campos,
    217 F.3d 707 (9th Cir. 2000) ................................. 4

United States v. Lukashov,
    694 F.3d 1107 (9th Cir. 2012) ............................... 11

United States v. Lundy,
    809 F.2d 392 (7th Cir. 1987) ................................ 10

United States v. Morales,
    108 F.3d 1031 (9th Cir. 1997) ............................. 2, 3

United States v. Ortega,
    203 F.3d 675 (9th Cir. 2000) ......................... 4, 10, 11

United States v. Vera,
    770 F.3d 1232 (9th Cir. 2014) ............................... 10

**Federal Statutes and Rules**

18 U.S.C. § 2252A ............................................. 1, 8
Fed. R. Crim. P. 401 ........................................... 11
Fed. R. Crim. P. 402 ........................................ 2, 11
Fed. R. Crim. P. 403 ....................................... passim
Fed. R. Crim. P. 702 ....................................... passim
Fed. R. Crim. P. 703 ................................... 2, 7, 9, 10

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                PAGE

Fed. R. Crim. P. 704 ........................................ 2, 3, 4

Fed. R. Crim. P. 801 ........................................... 10

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION & RELEVANT FACTUAL BACKGROUND**

Defendant is charged with, <u>inter alia</u>, possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). Dkt. 24.  Law enforcement officers found the child pornography in hard drives and discs recovered from defendant's residence and storage unit.  Both of the hard drives at issue contained images of defendant and one of the hard drives also contained an invoice with his name and address.  In total, defendant possessed approximately 103 videos and 831 images containing child pornography.[1]

In March 2025, defendant's counsel disclosed by email defendant's purported digital forensics expert, Scott Lawson.  Mr. Lawson is an investigative paralegal and digital forensic analyst. <u>See</u> Declaration of Thi Hoang Ho ("Ho Decl."), Ex. B.  In his capacity as investigative paralegal, Mr. Lawson provides legal research, legal writing, factual research, fact and case analysis, among other legal support responsibilities. <u>Id.</u> at 6.  As a digital forensic analyst, Mr. Lawson provides "digital forensics analysis for attorneys in discovery review and case preparation." <u>Id.</u>  His areas of analysis include "mobile devices, computers, call detail records, forensic video analysis and investigative case analysis." <u>Id.</u>  Defendant has not disclosed any relevant experience or qualifications Mr. Lawson possesses in the areas of child sexual abuse material ("CSAM") or identifying the habits and characteristics of hoarders.  Yet, in his

---

[1] The relevant facts giving rise to these charges have been extensively briefed by the parties.  As relevant to this motion, the government hereby refers to, and incorporates by reference, the facts summarized in its Opposition to Defendant's Motion to Suppress Evidence of Alleged CSAM (Dkt. 68).

disclosed expert report, Mr. Lawson opines on both subjects, as well as defendant's mens rea.

Through this motion in limine, the government moves to exclude testimony from Mr. Lawson on (1) defendant's mental state or condition pursuant to Rule 704(b) of the Federal Rules of Evidence, and (2) defendant's habits and characteristics as a purported "hoarder" and the characteristics of CSAM and those who possess it, pursuant to Rules 702, 403, and 703.[2]

**II.   ARGUMENT**

    **A.   Mr. Lawson Should Not Be Permitted to Testify as to Defendant's Mental State.**

Federal Rule of Evidence 704(b) provides, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact alone."  Fed. R. Evid. 704(b).  In United States v. Morales, 108 F.3d 1031 (9th Cir. 1997), the Ninth Circuit explained that "[a] prohibited 'opinion or inference' under Rule 704(b) is testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea."  Id. at 1037.

Here, with respect to Counts Two through Four of the Indictment, the government must prove, inter alia, that defendant "knowingly possessed matters that the defendant knew contained visual depictions

---

[2] On April 7, 2026, the government met and conferred with defense counsel by email regarding this motion in limine.  See Ho Decl., ¶ 1.  Defendant's counsel stated "defendant does not intend to elicit any opinion from any defense experts that violate Federal Rules of Evidence 704(b), 702 or Federal Rules of evidence 402."  Id., ¶ 2.

of minors engaged in sexually explicit conduct." See Ninth Circuit Model Criminal Jury Instruction Applying No. 20.23 (2022 ed.).  Thus, testimony by Mr. Lawson as to defendant's mental condition at the times of the charged crimes is only permissible under Rule 704(b) where: (1) it is relevant to the required mens rea, i.e., whether defendant knowingly possessed CSAM; and (2) it does not state an opinion or draw an inference that compels the jury to conclude that defendant, in fact, did not have that mens rea.

Mr. Lawson's disclosed expert report indicates that he may testify in a manner that invades the province of the jury.  See Ho Decl., Ex. 2.  In the report, Mr. Lawson states:

> "Based on my forensic review of the alleged CSAM files and the devices they were stored on, as well as the other devices seized, there are no artifacts that link [defendant] to the **knowing possession or access** of the alleged CSAM materials."

Id. at 36 (emphasis added).  Mr. Lawson also opined, "While possible, it is highly unlikely that [defendant] reviewed each file he downloaded or was **aware** of the contents of all the files due to his pattern of downloading and backups . . . ."  Id. at 23 (emphasis added).

To the extent Mr. Lawson testifies regarding this conclusion, such testimony would go to the ultimate issue of fact that must be determined by the jury, i.e. defendant's knowledge of the CSAM in his possession.  Indeed, if Mr. Lawson were to testify consistent with this conclusion, the jury would draw an inference that would compel the conclusion that defendant lacked the mens rea for the crime. Morales, 108 F.3d at 1037 (stating an opinion or drawing an inference that would necessarily compel the conclusion that the defendant had a

specific state of mind is disallowed by Rule 704(b)); United States v. Booth, 309 F.3d 566, 573 (9th Cir. 2002) (affirming district court's exclusion of polygrapher's testimony offered by defendant that a polygraph test of defendant indicated that defendant was truthful when he denied intent to defraud or knowledge of fraud in a wire fraud and money laundering prosecution).

Second, assuming defendant does not testify, testimony from Mr. Lawson regarding defendant's knowledge would in effect allow defendant to testify through his expert, while avoiding cross-examination by the government. United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (defendant properly barred from admitting his own exculpatory statements through cross examination of agent: "If the district court were to have ruled in [the defendant's] favor, [the defendant] would have been able to place his exculpatory statements 'before the jury without subjecting [himself] to cross examination, precisely what the hearsay rule forbids.'")

In short, to the extent Mr. Lawson testifies regarding his above-referenced opinions, such testimony should be excluded as impermissible expert testimony under Rule 704(b). See, e.g., Booth, 309 F.3d at 573; United States v. Campos, 217 F.3d 707, 711-12 (9th Cir. 2000) (affirming exclusion of defense expert under Rule 704(b) where witness, a polygraph examiner, would testify that when defendant "was asked whether or not she knew the drugs were in the van and she gave an answer, and in his opinion, that answer was truthful"); United States v. Brown, 871 F.3d 532, 539 (7th Cir. 2017) (testimony that defendant acted reasonably under circumstances was inadmissible expert opinion about criminal defendant's state of mind,

4

where testimony "would merely tell the jury what result to reach" and "draw conclusions for the fact finder when no help [wa]s needed") (quotation marks and internal citation omitted).

### B.    Mr. Lawson Is Not Qualified to Provide Expert Testimony on Defendant's Hoarding or the Characteristics of CSAM.

Under Fed. R. Evid. 702, expert testimony is admissible only if the witness has the "knowledge, skill, experience, training, or education" to give the testimony that he purports to offer; and the testimony is not based on subjective belief or unsupported speculation but instead is "based on sufficient facts and data" that is "the product of reliable principles and methods" that the witness "reliably applied" to the facts of the case.

The trial court's gatekeeping duty applies to not only testimony based on scientific knowledge, but also to testimony based on technical and other "specialized knowledge." United States v. Alatorre, 222 F.3d 1098, 1101-02 (9th Cir. 2000). Rule 702 places the burden on the party seeking to introduce expert testimony to demonstrate by a preponderance of the evidence that the proposed testimony: (1) "will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "is based on sufficient facts or data"; (3) "is the product of reliable principles and methods"; and (4) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589-90 (1993).

Here, Mr. Lawson was proffered as an expert in digital forensic analysis. See Ho Decl., Ex. 1, p. 6 (listing areas of forensic

5

analysis as including "mobile devices, computers, call detail records, forensic video analysis and investigative case analysis"). Yet Mr. Lawson's report contains opinions on subject matters outside his purported expertise, specifically, (1) defendant's alleged status, characteristics, and habits as a hoarder and (2) the characteristics of CSAM, including the naming conventions thereof, and those who possess CSAM.  For example, in his report, Mr. Lawson states that defendant was "a prolific downloader and hoarder of digital files . . . ."  Id., Ex. – [report], at 36; see also id. at 1.  Mr. Lawson also opines on CSAM as follows:

- "Studies have found that CSAM is sometimes mislabeled and hidden within adult content, gaming files, or commercial films.  As a result, the true nature of these files remains unknown to the downloader until they are accessed." Id. at 20 (citing Internet websites).

- "A review of the handwritten titles on the CD/DVDs alleged to contain CSAM do not show any specific and articulable references to CSAM. . . . None of these handwritten titles correspond to any readily identifiable CSAM content.  In fact, they refer to the file names of purportedly adult pornography contained on the CD."  Id. at 24.

- Under section titled, "Lolita Is an Ambiguous Term Not Exclusive to CSAM": "There are terms such as 'Lolita,' 'teen,' and 'young' which appear in items of alleged CSAM in discovery.  However, a review of these terms shows that they are commonly associated with adult pornography. . . ." Id. at 25.

6

- • "The term 'Lolita' has been described as ambiguous when related to pornography specifically related to CSAM. Lolita is also a style of dress among women in Japanese culture."  Id. at 26 (citing Internet websites).

Any testimony from Mr. Lawson regarding topics outside his expertise - namely, defendant's hoarding and the characteristics of CSAM and those who possess CSAM - should be excluded under Rule 702, because defendant has not shown Mr. Lawson has the requisite "knowledge, skill, experience, training, or education" to give such testimony.  There is no showing that Mr. Lawson's testimony regarding defendant's hoarding is based on sufficient facts or data, and not defendant's hearsay statements (see supra, Section III.D).  The data to support Mr. Lawson's opinions about CSAM appear to be isolated Internet articles.  Moreover, defendant has not shown (nor could he) that Mr. Lawson's testimony on either defendant's hoarding or CSAM is "the product of reliable principles and methods" used in digital forensic analysis, his area of expertise.  See Fed. R. Evid. 702; Daubert, 509 U.S. at 589-590.  In sum, defendant has wholly failed to show that Mr. Lawson is qualified to provide expert testimony on defendant's habits and characteristics as a hoarder, or the characteristics of CSAM and those who possess it.

**C.    Testimony Regarding Defendant's Hoarding Should Also Be Excluded Under Rules 403 and 703**

    1.    The Testimony Is Irrelevant and/or Unfairly Prejudicial Under Rule 403.

Whether expert testimony will be of help to the trier of fact "goes primarily to relevance." Daubert, 509 U.S. at 591.  "Expert

7

testimony which does not relate to any issue in the case is not relevant and, ergo, nonhelpful." Id.  Put another way, "'[a]n additional consideration under Rule 702 -- and another aspect of relevancy -- is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'"  Id.  It is the proponent's burden to establish relevance and reliability by a preponderance of the evidence.  See Lust v. Merrell Dow Pharmaceuticals, Inc., 89 F.3d 594, 598 (9th Cir. 1996).

Regardless of the relevancy of the proffered expert testimony, a court can also exclude expert testimony if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Daubert, 509 U.S. at 595 (quoting Fed. R. Evid. 403).

The sole question before the jury under Counts Two through Four is whether defendant knowingly possessed visual depictions of minors engaged in sexually explicit conduct."  See Ninth Circuit Model Criminal Jury Instruction Applying No. 20.23 (2022 ed.).  Whether defendant is a hoarder is irrelevant to proving or disproving any of the elements of 18 U.S.C. §§ 2252A(a)(5)(B), possession of child pornography.  Stated differently, defendant's collection of *other* media over the years has no probative value as to (1) his knowing possession of (2) the CSAM charged in this case.

Even if it were minimally relevant -- which it is not -- Mr. Lawson's opinions on defendant's hoarding should be excluded under Rule 403 because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading

the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Counts Two through Four of the Indictment turn on the basic question of whether defendant knew about the CSAM that was undisputedly in his possession. Mr. Lawson's opinion on defendant's hoarding has no bearing on that ultimate question. Furthermore, any such testimony from Mr. Lawson risks conflating the issue of defendant's possession of CSAM with his possession of other digital files not charged in this case, thereby confusing the jury and wasting time.

              2.   <u>Mr. Lawson Cannot Serve as a "Conduit" for</u>

                   <u>Inadmissible Hearsay Statements Under Rule 703.</u>

Any testimony from Mr. Lawson regarding defendant's hoarding should also be excluded to the extent it serves as a "conduit" for inadmissible hearsay statements. Federal Rule of Evidence 703 provides that "an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and that if experts "in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." However, "if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." <u>See</u> Fed. R. Evid. 703; <u>see also</u> <u>Marvel Characters, Inc. v. Kirby</u>, 726 F.3d 119, 136 (2d Cir. 2013) ("Although the Rules permit experts some leeway with respect to hearsay evidence, . . . a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the

testifying expert used the hearsay as the basis of his testimony." (cleaned up)); <u>United States v. Lundy</u>, 809 F.2d 392, 395 (7th Cir. 1987) (a court must ensure an expert witness is testifying as an expert and not merely a conduit through which hearsay is brought before the jury).  An expert "exceeds the bounds of permissible expert testimony" when he is "used as little more than a conduit or transmitter for testimonial hearsay."  <u>United States v. Vera</u>, 770 F.3d 1232, 1237 (9th Cir. 2014) (addressing both Federal Rules and Confrontation Clause).  Here, the government anticipates that Mr. Lawson's testimony may run afoul of Rule 703 and instead serve as an improper conduit for hearsay.  Mr. Lawson does not explain how members in his particular field of forensics reasonably rely on such statements to form an opinion that defendant saved, accessed, or modified any of the CSAM found in his possession.  <u>See</u> Rule 702 (the proponent of the expert testimony has the burden to show that the opinion "is the product of reliable principles and methods").

And because these statements would otherwise be inadmissible hearsay under Federal Rule of Evidence 801(d)(2)(A) (party admissions), they should not be disclosed to the jury because their probative value in helping the jury evaluate the opinion does not substantially outweigh their prejudicial effect.  In contrast, the prejudicial effect is significant as it risks confusing the jury and precludes the government from challenging the veracity of these statements, especially if these statements come from defendant who ultimately decides not to testify.  <u>Cf.</u> <u>United States v. Ortega</u>, 203 F.3d 675, 682 (9th Cir. 2000) (defendant properly barred from admitting his own exculpatory statements through cross examination of

agent: "If the district court were to have ruled in [the defendant's] favor, [the defendant] would have been able to place his exculpatory statements 'before the jury without subjecting [himself] to cross examination, precisely what the hearsay rule forbids.'").

Accordingly, the Court should exclude any testimony by Mr. Lawson on defendant's hoarding because (1) defendant has failed to meet his burden under Federal Rule of Evidence 702, and (2) any such testimony would be irrelevant and unduly prejudicial under Rules 401, 402, and 403 and (3) serve merely as a conduit for inadmissible hearsay statements.

**D.      Should the Court be Inclined to Allow Mr. Lawson's Testimony, the Government Respectfully Requests an Evidentiary Hearing**

For the reasons discussed above, Mr. Lawson should be precluded from testifying about defendant's mental condition and hoarding, as well as the characteristics of CSAM and someone who possesses CSAM. The Court may exclude Mr. Lawson without a pretrial hearing. See United States v. Alatorre, 222 F.3d 1098, 1102 (9th Cir. 2000). In the event the Court is inclined to permit any such testimony at trial, the government respectfully requests an evidentiary hearing. A Daubert hearing is necessary to assess the methodology, applicability, reliability, relevance, and impact of Mr. Lawson's anticipated testimony. United States v. Lukashov, 694 F.3d 1107, 1112 (9th Cir. 2012). This is necessary here particularly because some of Mr. Lawson's opinions have no applicability or relevance to the contested facts or the government's burden.

11

## III. CONCLUSION

For the foregoing reasons, the Court should preclude Mr. Lawson from testifying on the following topics: (1) defendant's mental condition or mens rea; (2) defendant's status, characteristics, or habits as a hoarder; and (3) the characteristics of CSAM and someone who possesses CSAM.  In the alternative, the Court should hold a pre-trial Daubert hearing to assess the methodology, applicability, reliability, relevance, and impact of Mr. Lawson's proposed testimony on those topics.

Dated: April 15, 2026                  Respectfully submitted,

                                       TODD BLANCHE
                                       Acting Attorney General

                                       BILAL A. ESSAYLI
                                       First Assistant United States
                                       Attorney

                                       ALEXANDER B. SCHWAB
                                       Assistant United States Attorney
                                       Acting Chief, Criminal Division


                                            /s/
                                       _____
                                       THI HOANG HO
                                       KALI M. YALLOURAKIS
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

The undersigned, counsel of record for the United States of America, certifies that this brief contains 3,027 words, which complies with the word limit of L.R. 11-6.1.


Dated: April 15, 2026                    Respectfully submitted,

                                         TODD BLANCHE
                                         Acting Attorney General

                                         BILAL A. ESSAYLI
                                         First Assistant United States
                                         Attorney

                                         ALEXANDER B. SCHWAB
                                         Assistant United States Attorney
                                         Acting Chief, Criminal Division


                                         _____/s/_____
                                         THI HOANG HO
                                         KALI M. YALLOURAKIS
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA