UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:24-cr-00132-FWS-1                      Date: May 8, 2026
Title: USA v. Arthit Tanjapatkul

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Rolls Royce Paschal  |  N/A  |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO SEVER [52]**

Defendant Arthit Tanjapatkul ("Defendant") is charged with one count of knowingly possessing machineguns in violation of 18 U.S.C. § 922(o)(1) ("Count One") and three counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B). (Dkt. 24 ("Indictment").) Defendant filed a Motion for Relief from Misjoinder and Severance of Counts 1 from Counts 2 through 4. (Dkt. 52 ("Motion" or "Mot.").) The government filed an opposition to the Motion. (Dkt. 61 ("Opposition" or "Opp.").) Defendant filed a reply in support of the Motion. (Dkt. 63 ("Reply").) The court held a hearing on this matter on April 22, 2026. (Dkt. 97.) Based on the state of the record, as applied to the relevant law, the court **GRANTS** the Motion.

I.      **Background**[1]

In summary, Defendant was suspected of dealing stolen military equipment. In October 2023, law enforcement searched Defendant's residence pursuant to a search warrant. Law enforcement officers recovered the four machineguns that are alleged in Count One and several digital devices including a Buffalo-brand hard drive ("Buffalo Hard Drive").

---

[1] The court's background summary is drawn from common facts detailed in the parties' briefing. (*See* Mot. 4; Opp. at 1-3.)

**CRIMINAL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:24-cr-00132-FWS-1                                    Date: May 8, 2026
Title: USA v. Arthit Tanjapatkul

In April 2024, while reviewing the Buffalo Hard Drive, law enforcement officers observed video thumbnails which potentially depicted child pornography.  After obtaining a separate search warrant for the Buffalo Hard Drive, law enforcement officers observed that the drive contained child pornography which is alleged in Count Two of the Indictment.

Subsequently, in July 2024, the government obtained a search warrant for Defendant's storage unit, where law enforcement found additional firearms, military equipment, and child pornography.  Specifically, agents found child pornography in a Seagate-brand hard drive ("Seagate Hard Drive") which is alleged in Count Three of the Indictment ("Count Three") and in CDs/DVDs which are alleged in Count Four of the Indictment ("Count Four").  The Seagate Hard Drive also contained a file called "Firearms Knowledge" with documents pertaining to machine guns.

In November 2024, a grand jury indicted Defendant on one count of possession of a machinegun (Count One) and three counts of possession of child pornography (Count Two, Count Three, and Count Four (collectively, "Counts Two through Four")).

**II.    Legal Standards and Discussion**

Defendant moves to sever Count One from Counts Two through Four as improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure or, alternatively, to sever the counts under Rule 14(a) to avoid the risk of undue prejudice.  (*See generally* Mot.; Reply.)  The government opposes the Motion.  (*See generally* Opp.)

Federal Rule of Criminal Procedure 8(a) provides that the "indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged" are (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constitute parts of a common scheme or plan.  Fed. Rule Crim P. 8(a). This rule is "broadly construed" in favor of joinder, *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007), so "joinder is the rule rather than the exception," *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).  "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment."  *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990).

**CRIMINAL MINUTES – GENERAL**

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:24-cr-00132-FWS-1                                Date: May 8, 2026
Title: USA v. Arthit Tanjapatkul

In this case, the government argues that the counts "are properly joined because they are 'connected together' under Rule 8(a) through a substantial portion of the same evidence." (Opp. at 5.)  More specifically, the government argues that Count One and Count Two are related because officers uncovered evidence of machineguns and child pornography during the same search.  (*Id.* at 6.)  And the government asserts that one of Defendant's hard drives contained both child pornography and a folder titled "Firearms Knowledge".  (*Id.* at 7.)

Based on the record, the court finds that Count One should not be joined with Counts Two through Four.  The "firearms and child pornography counts are clearly dissimilar in kind . . ."  *United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986).  And joinder is not necessarily proper solely because evidence of each count was recovered during the same search; indeed, other courts have found joinder of child pornography charges with firearms charges inappropriate.  *See United States v. Wellman*, 2009 WL 159301, at *7 (S.D.W. Va. Jan. 20, 2009) ("In this case, the United States has proffered no evidence tending to show a relationship between [a firearms offense] and [three child pornography offenses] except that evidence of each crime was found during the same search."); *United States v. Schneider*, 2007 WL 2407060, at *2 (E.D. Wis. Aug. 20, 2007) (noting that Rule 8(a) says "nothing about joinder being proper as long as it maximizes judicial efficiency" in affirming an order to sever a firearm count from a child pornography count even though evidence of both were found during execution of the same warrant).

Even if Count One and Counts Two through Four were properly joined under Rule 8, the court would still exercise its discretion to sever the counts under Rule 14.  Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Joinder in this context remains "the rule rather than the exception."  *United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988) (quoting *Armstrong*, 621 F.2d at 954).

The court finds that trying Count One with Counts Two through Four would prejudice Defendant, especially because of the inflammatory nature of Counts Two through Four.  *See*

**CRIMINAL MINUTES – GENERAL**

3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. 8:24-cr-00132-FWS-1                                            Date: May 8, 2026
Title: USA v. Arthit Tanjapatkul

*United States v. Sturm*, 2007 WL 601976, at *4 (D. Colo. Feb. 22, 2007) ("Furthermore, the charge of child pornography possession, particularly detestable and inflammatory conduct, creates a real danger both that Mr. Sturm may be confounded in presenting defenses and that the jury might decide to convict Mr. Sturm of both crimes based upon a perceived criminal disposition."). And it "is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts than it is to compartmentalize evidence against separate defendants joined for trial." *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir.), *opinion amended on denial of reh'g*, 798 F.2d 1250 (9th Cir. 1986) (citation omitted). Although the court could try to abate this prejudice through jury instructions, the Ninth Circuit has "expressed concern about the effectiveness of cautionary instructions" in similar circumstances. *Smith*, 795 F.2d at 851.

In sum, the court agrees with Defendant that Counts Two through Four are improperly joined with Count One, and even if they were properly joined, they pose a sufficient risk of prejudice to Defendant's right to a fair trial were they to be tried with Count One.

As to the remedy, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. Unites States*, 506 U.S. 534, 538–39 (1993). In this case, the court finds that the appropriate remedy to maximize judicial economy and to avoid prejudice to both parties is to sever the trial on Count One from Counts Two through Four, with the trial on Count One proceeding first, and the trial on Counts Two through Four proceeding second.

## III.    Disposition

For the above reasons, the court **GRANTS** the Motion. The trial set for June 2, 2026, will proceed as scheduled on Count One only. After the trial on Count One is completed, the trial on Counts Two through Four will commence.