TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
THI HOANG HO (Cal. Bar No. 293978)
Asset Forfeiture & Recovery Section
KALI M. YALLOURAKIS (Cal. Bar No. pending)
Major Crimes Section
Assistant United States Attorneys
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-0596/2426
     Facsimile:     (213) 894-0141
     E-mail:        Thi.Ho@usdoj.gov
                    Kali.Yallourakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>ARTHIT TANJAPATKUL,<br><br>                Defendant. | No. 8:24-CR-00132-FWS<br><br>GOVERNMENT'S MOTION FOR JUDICIAL INQUIRY RE: CHERRY TANJAPATKUL'S REPRESENTATION<br><br>Hearing Date: May 20, 2026<br>Hearing Time: 8:30 a.m.<br>Location:      Courtroom of the<br>               Hon. Fred W.<br>               Slaughter |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Thi Hoang Ho and Kali M. Yallourakis, hereby files its Motion for Judicial Inquiry Into Cherry Tanjapatkul's Representation.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 15, 2026                    Respectfully submitted,

                                       TODD BLANCHE
                                       Acting Attorney General

                                       BILAL A. ESSAYLI
                                       First Assistant United States
                                       Attorney

                                       JENNIFER L. WAIER
                                       Chief Assistant United States
                                       Attorney & Chief, Criminal Division


                                       _____/s/_____
                                       THI HOANG HO
                                       KALI M. YALLOURAKIS
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

ii

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION & RELEVANT FACTUAL BACKGROUND**

Defendant Arthit Tanjapatkul ("defendant") is charged with possession of machineguns and possession of child pornography. Defendant disputes that he knowingly possessed either the machineguns or child pornography found in his home and storage unit pursuant to executions of judicially-authorized search warrants.

The parties' pretrial filings were due on May 8, 2026. <u>See</u> Dkt. 100. Defendant filed his witness list under seal on May 8 and then again under seal on May 10, 2026. <u>See</u> Dkt. 120, 126; <u>see also</u> Dkt. Dkt. 123 (Government's Objection to Under-Seal Filing). To date, there is not a defense witness list on the docket. Nevertheless, counsel for defendant has since provided the government with a copy of the witness list via email, which identifies defendant's wife, Cherry Tanjapatkul ("Mrs. Tanjapatkul") as a witness for the defense.

On May 14, 2026, the parties met and conferred regarding Mrs. Tanjapatkul's testimony and the government's instant request for judicial inquiry into her representation. Counsel for defendant, Sara Azari, advised the government Mrs. Tanjapatkul would be testifying only as to the subject of certain Internet searches conducted by defendant in or around 2022, which are the subject of defendant's motion <u>in limine</u> (Dkt. 86). The government understands those searches to be as follows:

- "Can dates on multimedia be changed";
- "Can photo date taken be manipulated";
- "Can pictures dates be changed";
- "Can the time stamp on a digital photo be altered?"; and

See Dkt. 86 at 5-6.  The government maintains that there is a significant risk that Mrs. Tanjapatkul's testimony in this case – even if limited to the subject described above - may be incriminating.[1]  For the following reasons, as discussed further herein, a judicial inquiry into Mrs. Tanjapatkul's representation is warranted.

*First*, there are myriad ways in which Mrs. Tanjapatkul's testimony may be self-incriminating, which may or may not be known to her currently, nor to her current counsel, *i.e.* defendant's counsel, due to actual or potential conflicts of interest.  For example, to the extent Mrs. Tanjapatkul testifies she knew or suspected the machineguns charged in the indictment are machineguns, that is potentially inculpatory testimony.  The same applies to the child pornography found in defendant's possession, some of which was found in a hard drive in the attic of the home he shares with Mrs. Tanjapatkul.  Even assuming that defense counsel intends to question Mrs. Tanjapatkul only with regard to her knowledge of defendant's searches on his laptops – searches about modifying access dates of photographs and files that may or may not be child pornography – this testimony may also be incriminating.

*Second*, the Court has jurisdiction and "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  Wheat v. United States, 486 U.S. 153, 160 (1988).

---

[1] The parties were unable to resolve their dispute as to the subject of the instant motion.

2

***Third***, and relatedly, the government readily admits that it is not privy to defense counsel's conversations with Mrs. Tanjapatkul and therefore, cannot know if an actual conflict exists. For this reason, as well as the substantial risk for Mrs. Tanjapatkul's self-incrimination in this case, the Court should exercise its discretion in conducting an independent judicial inquiry into the nature of Mrs. Tanjapatkul's representation, and any actual or potential conflicts arising therefrom.

**II.   ARGUMENT**

The Supreme Court has determined that "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160; see also Trust Corp. of Montana v. Piper Aircraft Corp., 701 F.2d 85, 87-88 (9th Cir. 1983) (citing cases); Smiley v. Director, Office of Workers Compensation Programs, 984 F.2d 278, 283-283 (9th Cir. 133) (trial court has duty "to supervise members of bar and to ensure public confidence in judicial system"). "Trial courts presented with a conflict have an affirmative duty to protect a defendant's rights. In every case of joint representation, if the court 'knows or reasonably should know that a particular conflict exists' it must initiate an inquiry about that conflict." Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001) (citation omitted).

Although the Sixth Amendment carries a presumption in favor of counsel choice, Wheat, 486 U.S. at 160, "[t]he guarantee of effective assistance of counsel comprises two correlative rights: the right to reasonably competent counsel and the right to counsel's undivided

3

loyalty." Fitzpatrick v. McCormick, 869 F.2d 1247, 1251 (9th Cir. 1989). Even the presumption favoring a defendant's right to counsel of his choice, United States v. Baker, 10 F.3d 1374, 1399 (9th Cir. 1993), may be overcome "not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat, 486 U.S. at 164.

Further, while a defendant may be able to waive his right to the assistance of counsel who is unhindered by conflicts, so long as the waiver is knowing and intelligent, United States v. Allen, 831 F.2d 1487, 1494 (9th Cir. 1987) (citations omitted), "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendants be separately represented." Wheat, 486 U.S. at 162. Trial courts may also decline a waiver for a potential conflict of interest. Id. at 163.

As officers of the court, government counsel have an obligation to alert the court to possible conflicts of interest. Manhalt v. Reed, 847 F.2d 576, 583-584 (9th Cir. 1988). The government does not take its obligation lightly. Here, there is a substantial risk that Mrs. Tanjapatkul may make inculpatory statements at trial regarding, inter alia, her knowledge of the machineguns in the home she shares with defendant; her knowledge of the child pornography, some of which was also found in the home she shares with defendant; and her knowledge of searches he made to potentially alter dates of photos and other files that may have been child pornography. Accordingly, there is a risk here that defense counsel is representing clients with potentially conflicting interests. See Fitzpatrick, 869 F.2d at

4

1251 ("[t]he guarantee of effective assistance of counsel" includes "the right to counsel's undivided loyalty.").

In determining whether a conflict exists, the conflict is to be analyzed in accordance with California law.  See In re County of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000); see also Central District of California Local Rule 83-3.1.2 (requiring that "each attorney shall be familiar with and comply with . . . the Rules of Professional Conduct of the States Bar of California, and the decisions of any court applicable thereto.").  Additionally, although the Model Rules of Professional Conduct have not been adopted as binding under California law, they may be relied upon as persuasive authority.  In re County of Los Angeles, 223 F.3d at 993 n.1; see also Local Rule 83-3.1.2 ("The Model Rules of Professional Conduct of the American Bar Association May be considered as guidance.").  These ethical rules provide guidance in addition to the overarching principles set forth above regarding a defendant's right to conflict-free representation.

Rule 1.7 provides, in pertinent part, as follows:

Conflict of Interest: Current Clients

(a) A lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter.

(b) A lawyer shall not, without informed written consent* from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person,* or by the lawyer's own interests.
[. . .]
(d) Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law; and
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

Cal. Rule of Prof. Conduct 1.7.  The Comment to Rule 1.7 notes that "[a] directly adverse conflict under paragraph [1.7(a)] can arise in a number of ways, for example, when: (i) a lawyer accepts representation of more than one client in a matter in which the interests of the clients actually conflict [. . .]."  Cal. Rule of Prof. Conduct 1.7, cmt. 1.  Additionally:

> Even where there is no direct adversity, a conflict of interest requiring informed written consent under paragraph [1.7(b)] exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities, interests, or relationships, whether legal, business, financial, professional, or personal. For example, a lawyer's obligations to two or more clients in the same matter, such as several individuals seeking to form a joint venture, may materially limit the lawyer's ability to recommend or advocate all possible positions that each might take because of the lawyer's duty of loyalty to the other clients.

Id., cmt. 4.

The government believes that there is sufficient concern regarding both actual and potential conflicts of interest in this matter as to warrant further inquiry by the Court.

**III.  CONCLUSION**

Therefore, the government respectfully requests: (1) that the Court conduct a judicial inquiry into any potential or actual conflicts of interest that may arise in defense counsel's continued representation of Mrs. Tanjapatkul; and (2) in the event new counsel is necessitated by defendant's choice, Mrs. Tanjapatkul's choice, or

by a decision of this Court, that the Court appoint new defense counsel as appropriate.  The government also requests that this Court inquire of defense counsel as to the sufficiency of the advice provided by defense counsel to both defendant and Mrs. Tanjapatkul as to the nature and scope of any potential or actual conflict of interest, and the sufficiency of any written waivers provided by defendant and Mrs. Tanjapatkul in continuing to retain defense counsel as their attorney.

The undersigned, counsel of record for the United States of America, certifies that this brief contains 1,728 words, which complies with the word limit of L.R. 11-6.1.


Dated: May 15, 2026                     Respectfully submitted,

                                        TODD BLANCHE
                                        Acting Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        JENNIFER L. WAIER
                                        Chief Assistant United States
                                        Attorney & Chief, Criminal Division


                                        _____/s/_____
                                        THI HOANG HO
                                        KALI M. YALLOURAKIS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA