

# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Thi Hoang Ho/Kali M. Yallourakis*
*Phone: (213) 894-0596/2426*
*E-mail: Thi.Ho@usdoj.gov/ Kali.Yallourakis@usdoj.gov*

*1100/1300 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

May 19, 2026

**VIA E-MAIL**

Sara Azari, Esq.
Law Office of Sara Azari
333 S. Hope St, 40th Floor
Los Angeles, CA 90071
Email: sara@azarilaw.com

Victor Sherman, Esq.
Offices of Victor Sherman, APLC
11400 West Olympic Boulevard, Suite 1500
Los Angeles, California 90064
Email: victor@victorsherman.law

> Re:    United States v. Arthit Tanjapatkul, No. 8:24-CR-00132-FWS

Dear Counsel:

This letter provides the government's notice of its intent to introduce certain evidence at trial without waiving its right to introduce any other evidence. The vast majority of this evidence is admissible as direct evidence of the crimes charged in this case or inextricably intertwined with evidence of the same. In addition, all of the below information shows absence of mistake, lack of accident, and/or intent under Federal Rule of Evidence 404(b), among other grounds. The below facts are included in the discovery produced in this case.

1. The unserialized firearms, assault weapons, and firearms not registered to defendant, which were found in defendant's possession

As you are aware, on October 13, 2023 and July 18, 2024, law enforcement officers executed federal search warrants at defendant's residence and storage unit, respectively, and seized dozens of firearms, many of which were unserialized, in violation of 18 U.S.C. § 922(k), assault weapons, in violation of California Penal Code § 30605(a), and/or were not registered to defendant. This evidence is admissible, even though it includes uncharged conduct, because it directly proves a necessary element of possession of a machinegun: knowledge of the machineguns that were found in defendant's possession alongside other, uncharged firearms.

In addition, the evidence is admissible to prove defendant's opportunity, *i.e.* his access to firearms, his absence of mistake, and his lack of accident. Specifically, defendant's access and possession of these other firearms, many of which were in violation of California and federal law, shows his general knowledge of firearms and that he was an avid collector of firearms. And significantly, this evidence proves that the machineguns in defendant's possession were not there inadvertently, by mistake, or without his knowledge. Defendant collected guns, knew about them both through his prior experience as a gun shop owner and Federal Firearms Licensee. Further, as summarized below, defendant showed off his collection. All of this evidence is probative Rule 404(b) evidence.

EXHIBIT A

RE: <u>United States v. Arthit Tanjapatkul</u>
May 19, 2026
Page 2

    2. <u>Photograph of defendant holding a firearm, which defendant sent to the user "Santa Dave" (Government's Trial Ex. 66, USAO_051383-84)</u>

This photograph, which defendant sent the user "Santa Dave" on or about October 23, 2016, depicts defendant, outfitted in camouflage gear and a headscarf, holding an assault-style rifle. The evidence is admissible other-acts evidence under Rule 404(b) for the reasons just described: it is probative of defendant's access to, and familiarity with, firearms, and his absence of mistake and lack of accident with regard to the firearms in his possession.

    3. <u>Digital evidence from defendant's laptops that is the subject of the government's motion in limine (Dkt. 90)</u>

As explained in the government's motion *in limine*, the following messages, downloads, and search history are direct and inextricably intertwined evidence of defendant's knowledge of the child pornography found in his possession:

        a. Defendant's Google Chrome bookmark of "How to Avoid Going to Jail under 18 U.S.C. Section 1001 for Lying to Government Agents – FindLaw";

        b. Messages between defendant and his brother about "kiddy porn";

        c. Messages between defendant and his brother about child sex doll(s)[1]; and

        d. Defendant's access and downloads of suspected CSAM between 2019 and 2023.[2]

This digital evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence because it proves defendant's knowledge, absence of mistake, and lack of accident. More specifically, with regard to absence of mistake and lack of accident, the digital evidence shows that defendant did not just happen to come into inadvertent or mistaken possession of child pornography. Rather, the evidence shows that defendant was knowledgeable or deliberately ignorant of the child pornography in his collection of sexually explicit content, that defendant sought out CSAM, including access and downloads from 2019 to 2023, and that defendant sought out the likeness of minors in other forms as well, *e.g.* through child sex dolls that he was well aware contained the features of minor or adolescent children.

/ /

/ /

---

    [1] The government is also noticing defendant's various searches and conversations seeking to procure sex dolls as well as photos of the sex dolls, including but not limited to, messages between defendant and an eBay seller of a sex doll that has the face of a "minor" and therefore was being removed by eBay, for the same reasons stated above. USAO_054633-USAO_054657; USAO_054704-USAO_055097; USAO_055144-USAO_055162.

    [2] Though the MIL sets forth a sample of the defendant's suspected CSAM filenames of access and downloads (e.g., "preteen6"), the government is also noticing the other suspected CSAM searches, downloads, and web history. USAO_054505-USAO_054591.

EXHIBIT A

RE: <u>United States v. Arthit Tanjapatkul</u>
May 19, 2026
Page 3

4. <u>Images and still shots of defendant and unidentified woman contained in Hard Drives (Government's Trial Exs. 14-15; 26; Seagate Screenshots USAO_055197-USAO_055203)</u>

Similarly, images and still shots of videos of defendant with an unidentified woman contained in the Buffalo and Seagate Hard Drives seized from defendant's residence and storage unit are direct and inextricably intertwined evidence of his knowing possession of child pornography. Those images were found alongside the child pornography for which he is charged with possessing, and shows his knowledge of the contents of his hard drives – which he used to save sexually explicit content of himself.

For the same reasons stated above, these images are also admissible under Rule 404(b) because they prove defendant's knowledge, absence of mistake, and lack of accident. Defendant was using these hard drives to stash sexually explicit files, and the access dates of the files in the drives show that defendant accessed his personal files, namely, the images at issue, and then accessed child pornography.

5. <u>Uncharged CSAM</u>

Reference to filenames of identified but uncharged CSAM found on the hard drives and CDs is direct evidence of defendant's knowing possession of the charged CSAM, or is inextricably intertwined with the charged CSAM found on the same device. In the alternative, the uncharged CSAM is 404(b) evidence to show defendant's absence of mistake and intent as to the charged CSAM.

\*                    \*                    \*

This notice does not waive or relinquish the government's right to introduce the evidence described herein under any other applicable rule or principle of law.

The enclosed materials and any future discovery provided to you that may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law are provided voluntarily and solely as a matter of discretion. By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations.

With this letter the government requests all reciprocal discovery to which it is entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure. The government also requests notice of any intention of your client to rely on an entrapment defense, or a defense involving mental condition or duress, and/or an alibi defense. Pursuant to Federal Rule of Criminal Procedure 12.1, the dates, times, and places of the charged offense are detailed within the documents included within the discovery. Please contact me immediately if you believe that this notice is insufficient.

//

//

//

EXHIBIT A

RE: United States v. Arthit Tanjapatkul
May 19, 2026
Page 4

Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

The government reserves the right to supplement or amend this notice.

Very truly yours,

/s/

THI HOANG HO
KALI M. YALLOURAKIS
Assistant United States Attorneys

EXHIBIT A

Case 8:24-cr-00132-FWS     Document 171-1     Filed 05/26/26     Page 5 of 6     Page ID
#:3022
Case 8:24-cr-00132-FWS     Document 86-1     Filed 04/15/26     Page 1 of 2     Page ID
#:1802

**Victor Sherman**

Begin forwarded message:

> **From:** "Yallourakis, Kali (USACAC)" <Kali.Yallourakis@usdoj.gov>
> **Date:** April 9, 2026 at 11:07:02 PM PDT
> **To:** sara@azarilaw.com, "Ho, Thi (USACAC)" <Thi.Ho@usdoj.gov>
> **Cc:** Rachel Regnier <rachel@victorsherman.law>, Victor Sherman
> <victor@victorsherman.law>
> **Subject: Re: Request for Discovery (Firearms)**

Sara, we disagree that these materials fall within the scope of Rule 16. Your client is charged only with possession of machineguns - not possession of unregistered or unserialized guns, not possession of a gun once his gun shop closed or his FFL expired, or any other gun offense beyond the simple question of possession of a gun that can shoot automatic.

A Touhy request (which you haven't sent, you've just attached a subpoena and mentioned Touhy summarily) requires, among other things, a showing of relevance - a clear statement explaining why this information is necessary. You have not provided that here.

I feel this is important to establish and we draw nearer to trial and the defense continues to send various discovery requests - we will not be producing discovery that we do not believe falls within the purview of our discovery obligations in this case, ie the charges contained in the indictment.

Thanks,
Kali

**Kali M. Yallourakis | Assistant United States Attorney**
T: 213-894-2426 | kali.yallourakis@usdoj.gov

---

From: sara@azarilaw.com <sara@azarilaw.com>
Sent: Thursday, April 9, 2026 1:58 PM
To: Ho, Thi (USACAC) <Thi.Ho@usdoj.gov>; Yallourakis, Kali (USACAC)
<Kali.Yallourakis@usdoj.gov>

EXHIBIT B

Cc: Rachel Regnier <rachel@victorsherman.law>; Victor Sherman <victor@victorsherman.law>
Subject: [EXTERNAL] Request for Discovery (Firearms)

Thi & Kali,

This serves as our request for the following documents from ATF, as soon as possible:

1. A&D (Acquisition and Disposition) Book and Records related to T&A Armory (previously) located at 628 S. Harbor Blvd in Santa Ana, California. The business closed in 2012. T&A's FFL #: 9-33-059-01-2E-02995;
2. IOI Compliance Inspection Reports for T&A Armory; and
3. Any and all business records and communications, including, without limitation, emails, records, and ATF Trace Reports on firearms under the name of the following individuals and entity:
   a. Arthit Tanjapakul (DOB: 01/04/1971);
   b. Cherry Tanjapatkul (DOB: 02/01/1972); and
   c. T&A Armory

In light of the firearms charged and at issue in the pending case, this request falls squarely within Rule 16. Notwithstanding, a subpoena pursuant to *United States ex. rel. Touhy vs. Ragen*, 340 U.S. 462 (1951) is attached to this email.

Thank you.

Sara Azari
**LAW OFFICE OF SARA AZARI**
Tel: (213) 622-5000
Fax: (213) 254-0555

**_Los Angeles Office_**
849 S. Broadway, Suite 1107
Los Angeles, California 90014

**_New York Office_**
275 Madison Ave, 35th Floor
New York, New York 10016

WARNING: This email (including any attachments) is covered by the Electronic Communications Privacy Act (ECPA), 18 U.S.C. 2510 - 2522, is confidential and privileged. This email is solely for the use of the addressee(s) named above. Receipt by anyone other than the individual recipient is NOT a waiver of attorney-client privilege. Any violation of the ECPA is subject to the penalties stated therein.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this email is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

EXHIBIT B