TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
THI HOANG HO (Cal. Bar No. 293978)
Asset Forfeiture & Recovery Section
KALI M. YALLOURAKIS (Cal. Bar No. Pending)
Major Crimes Section
Assistant United States Attorneys
      1100/1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:     (213) 894-0596/2426
      Facsimile:     (213) 894-0141
      E-mail:        Thi.Ho@usdoj.gov
                     Kali.Yallourakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ARTHIT TANJAPATKUL,<br><br>          Defendant. | No. 8:24-CR-00132-FWS<br><br>OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME (Dkt. 172) |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Thi Hoang Ho and Kali M. Yallourakis, hereby files its Opposition to Defendant's ex parte application for order shortening timing on his motion to preclude purported newly identified other bad act evidence under Rule 404(b) and Rule 403 to May 29, 2026  (Dkt. 172; see also Dkt. 171 (Motion to Preclude)).

**OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION**

**I.    INTRODUCTION & RELEVANT FACTUAL BACKGROUND**

Defendant's eleventh-hour motion <u>in limine</u> to preclude the government from introducing evidence of other uncharged firearms -- which seeks essentially the same relief as his prior motion <u>in limine</u> to exclude reference to any firearm "not specifically referred to in the indictment" (Dkt. 86 at 2, the "Prior Firearms MIL") -- is untimely, and defendant has failed to show good cause for the exigent relief he seeks.

On April 15, 2026, defendant filed the Prior Firearms MIL.  Dkt. 86.  The government opposed this MIL, on the bases that, <u>inter alia</u>, a sweeping exclusion of reference to "any firearm" is overbroad, and evidence of defendant's massive collection of firearms, including assault weapons, his massive collection of literature on firearms, including instruction manuals, his prior ownership of a retail gun shop, and his prior Federal Firearms License ("FFL") are all probative of his knowledge of firearms and constitute direct and/or inextricably intertwined evidence.

On May 19, 2026, out of an abundance of caution, the government served defendant with a notice under Rule 404(b) of the Federal Rules of Evidence that it would also be seeking, in the alternative, to introduce the foregoing firearms evidence under Rule 404(b), to prove defendant's opportunity, *i.e.* his access to firearms, his absence of mistake, and his lack of accident.  <u>See</u> Ex. A.  The government also provided notice under Rule 404(b) that it intended to introduce a photograph of defendant dressed in camouflage holding a firearm for the same reasons, *i.e.* as direct/inextricably intertwined evidence of

2

his knowledge of the machineguns in his possession and 404(b) evidence of opportunity, absence of mistake, and lack of accident.

At the pretrial conference on May 20, 2026, defendant, through his counsel, withdrew the Prior Firearms MIL.  Apparently regretting that decision, nearly a week later, on May 26, 2026, defendant brought a second motion in limine to preclude the government from introducing evidence of other uncharged firearms, based on the government's 404(b) notice ("Second Firearms MIL").  Dkt. 121.

Defendant's ex parte application shortening the time to hear the Second Firearms MIL should be denied.

**II.    Defendant Is Not Entitled to Ex Parte Relief**

To justify ex parte relief, there must be a showing of irreparable prejudice and that the moving party is without fault, or that the crisis occurred as a result of excusable neglect.  See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492-93 (C. D. Cal. 1995).  Here, defendant has not demonstrated irreparable prejudice or that he is without fault in creating the exigency for which he now seeks relief.

**A.    The Government's 404(b) Notice Was Timely and Adequate**

Under Rule 404(b)(3), the prosecutor must:

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

The government's 404(b) notice satisfied these requirements.  As defendant concedes in his Second Firearms MIL, there is no deadline by which the prosecutor is required to provide notice under Rule 404(b).  Notwithstanding that defendant was on notice of the government's position regarding the firearms evidence in light of the parties' briefing on the Prior Firearms MIL,[1] the government served its 404(b) notice with more than sufficient time in advance of trial.  The 404(b) notice provided the purpose for which the government intends to offer the evidence (opportunity, absence of mistake, and lack of accident) and the reasoning that supports those purposes:

> [T]he evidence is admissible to prove defendant's opportunity, i.e. his access to firearms, his absence of mistake, and his lack of accident.  Specifically, defendant's access and possession of these other firearms, many of which were in violation of California and federal law, shows his general knowledge of firearms and that he was an avid collector of firearms.  And significantly, this evidence proves that the machineguns in defendant's possession were not there inadvertently, by mistake, or without his knowledge.  Defendant collected guns, knew about them both through his prior experience as a gun shop owner and Federal Firearms Licensee.  Further, as summarized below, defendant showed off his collection.  All of this evidence is probative Rule 404(b) evidence.

Ex. A.

**B.    Defendant Cannot Show Due Diligence in Filing the Second Firearms MIL**

As noted above, the government served its 404(b) notice on May 19, 2026.  At the continued pretrial conference on May 20, 2026, defendant withdrew his Prior Firearms MIL.  Defendant now brings an

---

[1] Defendant misleadingly attaches an email from government counsel regarding defendant's request for Rule 16 discovery, which is a separate issue from the admissibility of evidence and notice requirements under Rule 404(b) – something government counsel pointed out in the parties' meet-and-confer regarding the Prior Firearms MIL.

4

untimely Second Firearms MIL days before trial.  The Second Firearms MIL should be dismissed, and the instant ex parte application shortening time to hear the motion should be denied.

This Court's procedures provide as follows:

1. All Motions in Limine will be heard at the Pretrial Conference.

2. All Motions in Limine must be filed and served in compliance with Central District of California Civil Local Rule 6-1.  Opposition papers must be filed and served in compliance with Civil Local Rule 7-9. Reply papers must be filed and served in compliance with Civil Local Rule 7-10.

In turn, Local Rule 6-1 provides that "notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing."  Further, the Court's order continuing the trial in this case to June 2, 2026 specifically noted that "[m]otions in limine shall be filed (and will be heard) in accordance with the court's procedures . . . ."  Dkt. 51 at 3.  Accordingly, motions in limine were due in this case on April 15, 2026.

The Second Firearms MIL is untimely pursuant to the Court's procedures and should be dismissed.  See United States v. Wolf, No. CR 15-49-BLG-SPW, 2015 WL 6440841, at *3 (D. Mont. 2015) (declining to consider defendant's untimely motion in limine).  As noted above, the issue of the government's use of other, uncharged firearms in this case is not new; defendant was well aware of it and indeed filed the Prior Firearms MIL on this exact issue.  Defendant now regrets his decision to withdraw that motion, but this is far from establishing good cause sufficient for ex parte relief.

**III. CONCLUSION**

For all the foregoing reasons, the government respectfully requests that this Court deny defendant's <u>ex parte</u> application.


Dated: May 22, 2026                    Respectfully submitted,

                                       TODD BLANCHE
                                       Acting Attorney General

                                       BILAL A. ESSAYLI
                                       First Assistant United States
                                       Attorney

                                       JENNIFER L. WAIER
                                       Chief Assistant United States
                                       Attorney & Chief, Criminal Division


                                       _____/s/_____
                                       THI HOANG HO
                                       KALI M. YALLOURAKIS
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA