TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
THI HOANG HO (Cal. Bar No. 293978)
Asset Forfeiture & Recovery Section
KALI M. YALLOURAKIS (Cal. Bar No. pending)
Major Crimes Section
Assistant United States Attorneys
      1100/1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:     (213) 894-0596/2426
      Facsimile:     (213) 894-0141
      E-mail:        Thi.Ho@usdoj.gov
                     Kali.Yallourakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:24-CR-00132-FWS |
|---|---|
| Plaintiff, | *EX PARTE* APPLICATION FOR ORDER COMPELLING DEFENDANT'S PROFFERED EXPERT'S STATEMENTS OR, IN THE ALTERNATIVE, FOR *IN CAMERA* REVIEW OF DEFENDANT'S PROFFERED EXPERT'S STATEMENTS |
| v. | |
| ARTHIT TANJAPATKUL, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Thi Hoang Ho and Kali M. Yallourakis, hereby files its ex parte application for an order compelling disclosure of written statements

and reports of defendant's proffered expert, Brian Luettke, or in the alternative, in camera review of Mr. Luettke's report.

This ex parte application is based upon the attached memorandum of points and authorities, the declaration of Thi Hoang Ho and the exhibits attached thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 31, 2026                    Respectfully submitted,

                                       TODD BLANCHE
                                       Acting Attorney General

                                       BILAL A. ESSAYLI
                                       First Assistant United States
                                       Attorney

                                       JENNIFER L. WAIER
                                       Chief Assistant United States
                                       Attorney & Chief, Criminal Division


                                            /s/
                                       THI HOANG HO
                                       KALI M. YALLOURAKIS
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND OF DISPUTE**

Throughout this case, counsel for defendant have repeatedly referred to a "report" by defendant's proffered expert, Brian Luettke, that has not been provided to the government.  The government has not received any report by Mr. Luettke.  When government counsel has sought clarification, the defense has simply referred the government, and this Court, to Mr. Luettke's declarations.  See, e.g., Dkt. 181.

The government has requested under Rule 26.2 of the Federal Criminal Rules of Procedure any statements by Mr. Luettke that related to the subject of his testimony, often referred to as "reverse Jencks".[1]  Declaration of Thi Hoang Ho ("Ho Decl."), ¶ 2. Although defendant has made a reverse Jencks production, it appears incomplete and shows a report by Mr. Luettke that has never been produced.  More specifically, within Mr. Luettke's reverse Jencks is an email, dated March 13, 2026, which is reproduced below:

**Subject:** Re: ▮▮▮▮▮▮▮▮▮▮
**Date:**    Friday, March 13, 2026 at 12:55:32 PM Eastern Daylight Time
**From:**    Brian Luettke
**To:**      sara@azarilaw.com, Victor Sherman

Sara & Victor,

Based on the photographs and reports I think they are machineguns.  In the firearms report I sent a couple of weeks ago, I explain the automatic sear and the hole that was drilled in the receivers that make them machineguns.

Also, when I write the word machinegun, I write as one word (not a spelling error) because that's the way it is written in the US Code.

Brian

---

[1] As the Court is aware, Mr. Luettke testified on April 22, 2026 in the suppression hearing in this case.

Ho Decl., Ex. A.  The subject of the email appears to be "Are they really machine-guns?!" based on a later email in the chain.  See id., p. 2.

On May 30, 2026, in preparation for the trial in this matter, the government sought clarification from defense counsel whether Mr. Luettke was referring in his March 13 email to a written report, and requested production of any written statement, whether in the form of a report, response, or other write-up pursuant to Rules 26.2 and 16(b).  Defense counsel maintained that Mr. Luettke was "referring to a response to the defense attorneys regarding trial strategy which is considered work product."  Ho Decl., Ex. B.  Defense counsel further maintained that defendant is only required to produce Mr. Luettke's final report.  See id.

**II.   Rules 26.2 Compels Disclosure of Any Statement by Mr. Luettke**

Federal Rule of Criminal Procedure 26.2 provides, in pertinent part:

> (a) Motion to Produce. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.
>
> (b) Producing the Entire Statement. If the entire statement relates to the subject matter of the witness's testimony, the court must order that the statement be delivered to the moving party.

A "statement" includes "a written statement that the witness makes and signs, or otherwise adopts or approves."  Fed. R. Crim. P. 26.2(f)(1).

Here, any "response" by Mr. Luettke is a statement under Rule 26.2.  And, although such statement should have been provided to the

2

government after Mr. Luettke testified at the suppression hearing, it was not, and defendant has indicated he will not produce it even after Mr. Luettke's testimony in this trial.  See Fed. R. Crim. P. 26.2(a); see also United States v. Bridges, 61 F. App'x 736, 739 (2d Cir. 2003) (right to Jencks material arises after the witness's testimony).  There is no basis for defendant's refusal to provide Mr. Luettke's prior statement, which clearly relates to the subject of his testimony at the suppression hearing and trial.  See Ho Decl., Ex. A, p.2 ("Are they really machine-guns?!"); see also Dkt. 175.

**III. Rule 16(b) Compels Disclosure of Any Report by Mr. Luettke**

Furthermore, any report prepared by Mr. Luettke is subject to disclosure under Rule 16(b).  Specifically, Rule 16(b)(1)(B) provides:

> If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> (i) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Although defendant characterizes Mr. Luettke's report as a "response," Mr. Luettke clearly referenced in his March 13 email a "firearms report."  See Ho Decl., Ex. A.  Mr. Luettke's clarification that he did not commit a spelling error also suggests he prepared a written report.  Id. ("when I write the word machinegun, I write as one word (not a spelling error) because that's the way it's written in the US Code").  As stated above, this report clearly relates to Mr. Luettke's testimony at the suppression hearing and the disclosed

3

topics of his testimony at trial.  Any statement by Mr. Luettke, whether in a report or not, is subject to disclosure under Rule 26.2.  Further, under Rule 16(b)(1)(B), any report by Mr. Luettke is also subject to disclosure.

Defendant argues that Mr. Luettke's report is attorney work product.  See Ho Decl., Ex. B.  However, attorney work product encompasses legal memoranda or documents produced by an attorney. United States v. Javice, No. 23 CR. 251 (AKH), 2025 WL 278885, at *1 (S.D.N.Y. Jan. 23, 2025) (unpublished) (ordering defendant to produce witness statements under Rule 26.2, including witness notes, but excluding attorney work product).  Attorney work product does not include work product, communications, or statements made by an expert – a testifying expert, no less.  The government is not seeking defense counsel's work product or statements.  To the extent the Court determines it is necessary to determine whether Mr. Luettke's report contains any attorney work product, the government respectfully requests that the Court conduct an in camera review of Mr. Luettke's report or "response."

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court order defendant to produce any report or statements made by Mr. Luettke not hitherto provided to the government, including the "firearms report" referenced in his March 13, 2026 email to defense counsel.  In the alternative, the government the government respectfully requests that the Court conduct an in camera review of Mr. Luettke's report.

4