TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
THI HOANG HO (Cal. Bar No. 293978)
Asset Forfeiture & Recovery Section
KALI M. YALLOURAKIS (Cal. Bar No. pending)
Major Crimes Section
Assistant United States Attorneys
        1100/1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:      (213) 894-0596/2426
        Facsimile:      (213) 894-0141
        E-mail:         Thi.Ho@usdoj.gov
                        Kali.Yallourakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:24-CR-00132-FWS |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF REGARDING *BRADY* MATERIALS |
| v. | |
| ARTHIT TANJAPATKUL, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Thi Hoang Ho and Kali M. Yallourakis, hereby files this trial brief regarding materials under Brady v. Maryland, 373 U.S. 83, 87 (1963).

//

//

**TRIAL BRIEF**

On Saturday, June 6, 2026, after the government's closing argument concluded and after the defense began its closing argument, counsel for defendant requested from the government materials under Brady,[1] stating: "Given [Farshid] Hashempour's testimony, and the government's decision not to call him as a witness, he must have provided Brady material during his lengthy pretrial interviews. (Lack of visual observation of gun characteristics which would infer to the average person the guns capability to fire automatic)."

"There is no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). As relevant here,[2] under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), the government must turn over to the defense evidence in its possession that is favorable to the defense or that may be used by the defense for impeachment purposes.

To obtain discovery under Brady, a defendant must make a prima facie showing of materiality. This "requires a presentation of facts which would tend to show that the [g]overnment is in possession of information helpful to the defense." United States v. Stever, 603 F.3d 747, 752 (9th Cir. 2010). "A general description of the

---

[1] Because defense counsel indicated he would be raising this issue with the Court, the government provides this trial brief on the relevant legal standard that would govern defendant's burden to compel any such materials.

[2] 18 U.S.C. § 3500 (Jencks Act) and Federal Rule of Criminal Procedure 26.2 do not apply, as former TFO Hashempour was not called by the government as a witness in this case. Nevertheless, the government previously provided its Jencks/Rule 26.2 materials as it relates to former TFO Hashempour to defendant prior to the hearing on defendant's motion to suppress machineguns.

1

materials sought or a conclusory argument as to their materiality is insufficient to satisfy the requirements of [Rule 16(a)(1)(E)(i)]." United States v. Cadet, 727 F.2d 1453, 1468 (9th Cir. 1984) (quoting United States v. Conder, 423 F.2d 904, 910 (6th Cir. 1970) (defendant's discovery request that sought documents the government did not intend to use at trial was too far ranging and potentially burdensome)); see also United States v. Muniz-Jaquez, 718 F.3d 1180, 1183 (9th Cir. 2013) ("General descriptions of information sought and conclusory allegations of materiality are insufficient.").

Here, the government has turned over any Brady materials to the defense.  See United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992) (noting that courts presume that the government will obey Brady and not interfere if there is "no indication that the government has not or will not comply with its duty faithfully to conduct review of the agents' personnel files").  Defendant has proffered no facts to show the government is in possession of any Brady materials it has not already turned over.  Defendant's request for such materials is based on pure speculation and argument, which is insufficient to carry his burden on any motion to compel such materials.  See United States v. Mincoff, 574 F.3d 1186, 1199-200 (9th Cir. 2009) ("Mincoff has not identified any potentially exculpatory evidence that was not disclosed to him.  Mincoff's 'mere speculation about materials in the government's files' did not require the district court to make those materials available, or mandate an in camera inspection." (quoting United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986)).  Specifically, the basis for defendant's demand – the government's decision not to call former TFO Hashempour as a witness at trial - amounts to nothing more than

counsel's disagreement with the government's trial strategy.  Any request by defendant to compel alleged Brady materials should be denied.

Dated: June 7, 2026                    Respectfully submitted,

                                       TODD BLANCHE
                                       Acting Attorney General

                                       BILAL A. ESSAYLI
                                       First Assistant United States
                                       Attorney

                                       JENNIFER L. WAIER
                                       Chief Assistant United States
                                       Attorney & Chief, Criminal Division


                                       _____/s/_____
                                       THI HOANG HO
                                       KALI M. YALLOURAKIS
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA